IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| DENNIS RIVERA-SERVERA,           § | |
|     PLAINTIFF,           § | |
| § | |
| V.           § | CIVIL CASE NO. 3:17-CV-379-G-BK |
| § | |
| NANCY BERRYHILL,           § | |
| ACTING COMMISSIONER OF SOCIAL           § | |
| SECURITY,           § | |
|     DEFENDANT.           § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Following the Court's judgment reversing and remanding the Commissioner's decision in this social security benefits appeal, Plaintiff's attorney filed an *Application for Attorneys' Fees Under the Equal Access to Justice Act*, Doc. 22, which Defendant has partly opposed. The application has been referred to the United States Magistrate Judge for findings and a recommendation. Doc. 23. For the reasons that follow, it is recommended that Plaintiff's request for fees be **GRANTED** and the that Court award Plaintiff the sum of $7,799.69 in attorney's fees as well as reimbursement of $400.00 in court costs.

Under the Equal Access to Justice Act ("EAJA"), a court must award attorney's fees and expenses if: (1) the claimant is a "prevailing party," (2) the position of the United States was not "substantially justified," and (3) there are no special circumstances that would make an award unjust. 28 U.S.C. § 2412(d)(1)(A); *Sims v. Apfel*, 238 F.3d 597, 599-600 (5th Cir. 2001). However, the award of attorney's fees must be reasonable. *See* 28 U.S.C. § 2412(b).

Defendant does not dispute that Plaintiff was the prevailing party and that counsel's hourly rate was reasonable. Nor does Defendant argue that her own position was substantially

justified or that other circumstances would make an award of fees and costs in Plaintiff's favor unjust. Rather, Defendant only takes issue with counsel billing .6 hours for drafting and reviewing the court's order granting her motion for an extension of time to file her summary judgment brief, averring that "[t]he Commissioner should not have to pay for Plaintiff's attorney's inability to meet her deadline." Doc. 24 at 1-2.

Having considered Plaintiff's motion, the pleadings, and the applicable law, the Court finds Plaintiff's fee request to be reasonable in its entirety. An attorney asking for a single, unopposed extension of time before producing a 48-page summary judgment brief is completely within the bounds of reason. Nor is expending 36 minutes to do so out of line. Accordingly, Plaintiff's *Application for Attorneys' Fees Under the Equal Access to Justice Act*, Doc. 22, should be **GRANTED** and Plaintiff should be awarded total attorney fees of $7,799.69 and court costs of $400.00.

The Supreme Court has held that EAJA awards are payable directly to the prevailing party, not his attorney. *Astrue v. Ratliff*, 130 S.Ct. 2521, 2526 (2010). The Court of Appeals for the Fifth Circuit has reiterated this point. *Jackson v. Astrue*, 705 F.3d 527, 531 n.11 (5th Cir. 2013). Accordingly, the award of attorney's fees and costs should be made payable directly to Plaintiff but sent in care of his attorney. *Id.*

**SO RECOMMENDED** on June 7, 2019.

*[signature]*
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). An objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify where in the magistrate judge's findings, conclusions and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).